DORÉ, Judge.
On or about October 25, 1948, the defendant Elie Adams contracted with Simeon Mire to move a dwelling house belonging to said Simeon Mire from a point about three miles northeast of the town of Kap-lan in Vermilion Parish, northward a short distance along the Kaplan-Andrew Highway. It is alleged by the petitioner son of Simeon Mire, that the work was under the direction and supervision of Roy Adams, son and employee of the said Elie Adams, and it is further alleged that Roy Adams arrived at the location from which the dwelling was to be moved with two fellow employees and three trucks and that after loading the dwelling onto one of the trucks, the moving began and all three trucks, ■manned and driven by Roy Adams and the other two employees, got underway to the destination assigned; that consequently there were -no employees of the said Adams remaining to attend to the removal of overhanging electrical wires which were to be encountered en route to the destination ; that accordingly and for reason of -his failure to provide sufficient and proper personnel, the said Roy Adams instructed the plaintiff, who was near-by and witnessing the moving operations, to ascend to the peak of the roof of the -dwelling as it stood upon the truck body, and there to raise and remove all wires which might be encountered en route to the destination and which might obstruct the free passage of the dwelling house. The petition further shows that the plaintiff -did move one or two wires overhanging the road on the removal trip without mishap but that upon arrival at the destination to which the dwelling *788 house was to be put at rest, in trying to remove the one remaining obstruction of overhanging electrical wires with two pieces of stick given him by Roy Adams, the plaintiff lost his balance as the truck being moved forward by Roy Adams lurched, and as a result, the plaintiff fell forward and a live wire came in contact with his head, shocking him and burning him severely, and throwing him to the metal roof of the dwelling house and upon being released from the magnetism of the electrical wires, he was precipitated downward to the ground.
As a result of the accident, plaintiff claims that he suffered injuries which totally and permanently disabled him. He sues the defendant and his insurer under the terms of the Workmen’s Compensation Act, LSA-R.S. 23:1021 et seq., alleging that he was acting as an employee of defendant Elie Adams at the time of 'his accidental injuries.
He admits that he had no agreed compensation for his services and consequently ■bases his claim for workmen’s compensation on the same wage scale of $35 per week which was then being paid to the other employees assisting Roy Adams as foreman of the venture.
He also sues the defendant Elie Adams in tort alleging that the sole cause of the accident was the negligence of the defendant in the following respects:
“1. In inviting, directing and causing plaintiff to undertake the task of removing wires without warning him of the danger in so doing.
“2. In not furnishing plaintiff with the proper tools or equipment to perform the tasks assigned, and safeguard plaintiff’s person.
“3. In causing the truck to lurch, thereby causing plaintiff to lose his balance and come in contact with the ‘live’ wires.
“4. In not providing sufficient personnel to perform the job contracted to be performed and in not having sufficient personnel to properly assist plaintiff, and thereby avoid the dangers which were unknown to plaintiff.
“5. In providing an incompetent and unreliable foreman.”
The defense is to the effect that the plaintiff was a volunteer and that he was acting under the direction of Simeon Mire, his father; that there was no relationship of employer and employee between Elie Adams and the said plaintiff and that there was no negligence of any kind on the part of Roy Adams causing the accident; that the accident was caused solely 'by the negligence of the plaintiff himself, who knew and had assumed the risk involved.
The defendant Elie Adams also filed a call in warranty on St. Paul Mercury and Indemnity Company, its workmen’s compensation insurer, in the event that he should be cast. The said insurance company filed an exception that the call in warranty did not disclose a cause or a right of action. This exception was referred to the merits.
After trial of the case, for written reasons assigned, the trial judge rendered judgment in favor of the defendants and against the plaintiff, dismissing the plaintiff’s suit at his costs. The plaintiff has appealed.
The questions presented in the case are strictly questions of -fact and unless we can find manifest error in the findings of fact of the trial judge, necessarily we must affirm the judgment. He has favored us with a very thorough written opinion. The two questions which we must decide are:
1. Was there a relationship of employer and employee between the plaintiff and the defendant Elie Adams at the time of the accident?
2. If there was no such a relationship, was the accident and resulting injuries caused by the negligence of Roy Adams working in the course and scope of his employment by the defendant Elie Adams?
As to the first question, whether or not the plaintiff was acting as an employee of Elie Adams in the moving operations, there is some conflict in the testimony. The plaintiff himself testified that Roy Adams requested him to climb on top of the house for the purpose of moving wires and other structures which’they would encounter on *789 their way to the destination. He further claims that he was furnished with no tools or equipment of any kind by Roy Adams and that he was not informed of the danger involved.
On the other hand, Roy Adams and his fellow employees testified that the plaintiff and his father requested that the plaintiff be permitted to climb on top of the roof of the house to be moved in order to protect the chimney thereon by the moving of wires or other obstructions. The defendant testified that in making his agreement with Simeon Mire to move the house, he told Simeon Mire that his usual price for the work was $100.00, ibut that if Mire would consent to the removal of a chimney on the house, he would reduce the price of $100.00 to $80.00; that it was thereupon agreed that the chimney would be removed, and it appears from the evidence that if this had 'been done, there would not have been any problem with reference to overhanging wires. Roy Adams further testified that both the plaintiff and his father, Simeon Mire refused to permit him to remove the chimney 'because of the additional expense of rebuilding it, and, in effect, that this was the reason for him consenting to the request of the plaintiff and his father to permit plaintiff to climb on the roof of the house for the purpose of protecting his chimney. Roy Adams further testified that plaintiff acted under the directions and instructions of his father Simeon Mire during the whole operation. He states that when the building got to a bridge over a ditch at the location whereon it was to be placed, Simeon Mire told him not to pass on the bridge in order to save two trees, one on each side of the bridge, and following the request of Mire, Roy and the crew proceeded to fill the ditch with timber to enable the building to be hauled over it; that in order to remove overhanging wires which obstructed their passage, plaintiff got sticks from his father who had got them from the yard; that Simeon Mire told his son, the plaintiff, to use these sticks to move the wires; that the house could have passed under the wire at the bridge over the ditch.
If the testimony of Roy Adams and of .Elie Adams is to be believed, it seems clear to us that the plaintiff was acting entirely as a volunteer for the definite purpose of preserving the chimney on the dwelling house and that he was not operating under the directions of Roy Adams but, on the contrary, was operating under the directions and instructions of his father, Simeon Mire. The trial judge believed that testimony and frankly it would be difficult to reach any other reasonable conclusion but that the plaintiff and his father were acting entirely as volunteers in this venture. We can find no manifest error in the conclusion of the trial judge that the relationship of employer and employee did not exist herein.
With reference to the tort action, we fully agree with the conclusions of fact of the trial judge, ,as follows:
“(a) That neither defendant nor his agents and employees were guilty of negligence ;
“(b) That plaintiff went onto the roof of the building for the benefit and advantage of himself and his father, and in order to protect the chimney;
“(c) That Simeon Mire was directing the operations, and gave plaintiff the sticks with which to raise the wires at or near a point where it had not been originally agreed that the ditch would ibe crossed, which latter point was chosen by him;
“(d) That neither defendant nor his agents and employees were responsible for the defective sticks, if they were defective; the court assumes from the evidence that they were, as the testimony regarding the jolt is not to the effect that the jolt was so severe and unusual that the sticks would not have held the wires, had they been proper sticks.”
In other words, the sum and substance of the whole case is that the plaintiff sustained a very unfortunate accident as a result of a desire of his father and himself to preserve the chimney and further to prevent the destruction of the two small trees located on the sides of the bridge where it had been agreed that the house would be transported. If Simeon Mire and his son, the plaintiff, bad fulfilled the agreement to tear down the chimney and to have *790 the house moved over the bridge, this unfortunate accident would not have occurred.
Finding no manifest error on the part of the trial judge, either on the question of employer and employee relationship or on the question of tort liability, the judgment appealed from is affirmed.